IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT KITTSON,<br><br>Petitioner,<br><br>vs.<br><br>RICK DEDE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-99-GF-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On November 25, 2013,[1] the Court received from Petitioner Robert Kittson a petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Kittson is a state prisoner proceeding pro se.

Although Mr. Kittson has not properly exhausted his claims in the state courts, *see* Pet. (Doc. 1) at 3-4 ¶¶ 6-12, a federal habeas court may deny relief regardless of exhaustion, 28 U.S.C. § 2254(b)(2).

Mr. Kittson's petition does not disclose the crime for which he was convicted or the terms of the sentence he is currently serving. He states, however,

---

[1] Mr. Kittson signed his petition September 8, 2013. The Court did not receive it until November 25, 2013. There is no need to resolve when it was filed.

1

that he was originally sentenced to 13 months in the custody of the Department of Corrections and a five-year suspended sentence. Pet. at 4 ¶ 13A. The suspended portion of the sentence was revoked on January 23, 2013, and he was sentenced to "18 months." *Id.* at 2-3 ¶¶ 2-4. (It is not clear whether he means 18 months in prison, 18 months on supervision, or a combination of both.) He explains that the revocation sentence resulted in postponement of his release date from February 28, 2013, to July 22, 2014. He asserts that this postponement "is an illegal sentence as there was no new felony conviction" and he cannot be sentenced on revocation to a sentence longer than was originally imposed. Pet. at 4 ¶ 13A (citing Mont. Code Ann. § 46-18-203(7)(A)(iii)).

Mr. Kittson's revocation sentence of 18 months is not longer than his original sentence of 13 months plus five years. Nor does any law, state or federal, guarantee his release on the discharge date originally calculated. Conditions of release would have little meaning if failure to comply with them could not carry the consequence of continued or extended incarceration or supervision.

Federal habeas relief is available only for violations of federal constitutional or other law. 28 U.S.C. § 2254(a). No allegation in Mr. Kittson's petition suggests he might have a claim for relief on any basis. A certificate of appealability is not warranted as Mr. Kittson does not make any showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Kittson's petition (Doc. 1) should be DENIED.

2. The Clerk should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner Kittson.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Kittson may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Kittson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of February, 2013.

>  */s/ Keith Strong*_____
> Keith Strong
> United States Magistrate Judge

---

[2]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.